MACK v. HARNACK.

1. BROKERS—FRAUDS, STATUTE OF—CONTRACTS—PERFORMANCE.
Where the vendee of land, in pursuance of an agreement with the broker and the vendor, retained one-half of the commission due the broker from the vendor as a consideration for vendee's giving the broker the exclusive right to sell the tract, when platted into lots, he could not urge as a defense, in an action by the broker for the commission retained, on vendee's refusal to carry out his agreement with the broker, that the contract between the broker and the vendor for the commission on the sale of the land was not in writing, since they had fully performed their part of the contract.

2. SAME.
Plaintiff's right to recover is not defeated by the fact that the agreement for the exclusive right to sell the tract was not in writing, where defendant received and retained the money paid as consideration therefor, and then refused to perform.

3. SAME—PARTIES.
Since plaintiff's agreement was with defendant, who was paid the consideration and wrongfully retained it, it was not necessary to join his children as parties, although title to the land was taken in their names.

Error to Oakland; Covert (Frank L.), J. Submitted January 24, 1922. (Docket No. 131.) Decided June 5, 1922.

Assumpsit by Richard J. Mack against Henry Harnack for money had and received. Judgment for plaintiff. Defendant brings error. Affirmed.

On power of legislature to prohibit offering of another's real estate for sale without written authority, see note in 12 L. R. A. (N. S.) 707.
On power of legislature to require contracts for commissions for finding a purchaser for real estate to be in writing, see note in 33 L. R. A. (N. S.) 973.
On necessity that agent's authority to purchase or sell real estate be in writing to enable him to recover compensation for his services, see notes in 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

*Albert McClatchey* and *Elmer E. Stockwell,* for appellant.

*Andrew L. Moore,* for appellee.

CLARK, J.   Plaintiff, a real estate dealer, had Newman's farm for sale at a price finally reduced to $78,000, subject to a commission to plaintiff of 5 per cent.   Defendant agreed to buy.   Plaintiff testified that defendant in making payment was to withhold the commission of $3,900, pay one-half, $1,950, to plaintiff, and retain the other half in consideration of his giving to plaintiff, in writing, the exclusive right for two years to sell the tract, when platted into lots, at an agreed commission.   By an arrangement between the parties and Newman, defendant paid Newman $7,000 and secured a receipt and credit on the purchase price for $10,900.   The deed was taken in the names of two of defendant's children.   Later defendant paid plaintiff $1,950.   Plaintiff claimed defendant refused and neglected to enter into the said sales agreement and that the remaining $1,950 of the commission was wrongfully withheld by defendant and suit was brought to recover the amount.   Defendant denied plaintiff's claim, particularly respecting the sales agreement, which he said was qualified that plaintiff was first to show that he was able to sell the lots and that he failed in that regard.   Both parties had other evidence to sustain their respective claims.   Plaintiff had verdict and judgment for $1,950.   Defendant brings error.

Defendant gains nothing by claiming that the agreement between plaintiff and Newman in respect to the commission was not in writing.   There was full performance of that agreement on the part of both plaintiff and Newman.

Nor is plaintiff defeated by the fact that there was no written agreement between the parties as

to the right to sell lots and have commission thereon.    Defendant may not retain for that reason the $1,950 of plaintiff, received by defendant, as plaintiff claims, pursuant to such agreement.    Plaintiff's claim, and his proofs support it, was that the agreement was with defendant and that defendant had wrongfully retained the money, hence it was not necessary to join defendant's children as parties.

Plaintiff's theory of recovery was that defendant, having refused the sales agreement, withheld the $1,950 of plaintiff without consideration, and should return it.    An issue of fact was made by the proofs. It was submitted to the jury in a charge in which we find no error.    Nor do we think the court erred in denying the motion for a new trial.

Judgment affirmed.

FELLOWS, C. J., and WIEST, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.